

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KANSAS CITY SOUTHERN RAILWAY COMPANY and NORFOLK SOUTHERN RAILWAY COMPANY,  Plaintiffs,  v.  BRADY LEE BORROWMAN, et al.,  Defendants. | )))))))))))))))) No. 09-3094 |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiffs' Motion to Strike Defendants' Supplemental Rule 26 Disclosure and Disallow Expert Testimony at Trial (Plaintiffs' Motion) (d/e 50), Defendants' Response to Plaintiffs' Motion to Strike Expert Testimony (d/e 53), Defendants' Motion in Limine to Exclude Plaintiffs' Undisclosed "Expert" Testimony and Alternative Motion for Leave to Designate Rebuttal Expert (Defendants' Motion) (d/e 51), Plaintiff Kansas City Southern Railway Company's Opposition to Defendants' Alternative Motion to Designate Rebuttal Expert

1

(KCSR's Response) (d/e 58), and Plaintiff Norfolk Southern Railway Company's Response to Undisclosed Expert Motion in Limine (d/e 60). Also before the Court are Defendants' Motion in Limine to Exclude Plaintiffs' Undisclosed and Irrelevant DVD, Titled By Plaintiffs "In Katrina's Wake" (DVD Motion) (d/e 54) and Plaintiff Norfolk Southern Railway Company's Response to "In Katrina's Wake" Motion in Limine (d/e 59). For the following reasons, the Court grants Plaintiffs' Motion, and denies the DVD Motion. Defendants' Motion is granted in part and denied in part.

## FACTS

On April 9, 2009, Plaintiffs Kansas City Southern Railway Company (KCSR) and Norfolk Southern Railway Company (NSR) sued Defendants Brady Lee Borrowman, Russell E. Koeller, Dan Lundberg, Michael H. Reed, and the Sny Island Levee Drainage District (Sny Island). Complaint (d/e 1). Plaintiffs later filed their Amended Complaint (d/e 18), alleging that Sny Island's method of assessing maintenance taxes for tax year 2009 violated the federal Railroad Revitalization and Regulatory Reform Act of 1976 (4-R Act), 49 U.S.C. § 11501. Plaintiffs seek prospective injunctive relief.

2

After the Court denied Plaintiffs' Motion for Preliminary Injunction (d/e 8), the parties engaged in discovery. See August 18, 2009, Opinion (d/e 27). As part of the discovery process, Plaintiffs and Defendants participated in a Rule 16 scheduling conference with U.S. Magistrate Judge Charles H. Evans. Minute Entry of December 10, 2009. The parties agreed that they would not file dispositive motions in this case. Scheduling Order (d/e 43), ¶ 4; see Amended Scheduling Order (d/e 46), ¶ 4. The parties also agreed and represented to the Court that "NO retained testifying experts w[ould] be used at trial." Amended Scheduling Order, ¶ 2.

This matter is set for a bench trial to commence at 9:00 a.m. on April 6, 2010. Each side now seeks to bar the other side from introducing certain evidence at trial. The Court addresses the separate requests in turn.

I.   PLAINTIFFS' MOTION AND DEFENDANTS' MOTION

Plaintiffs ask the Court to strike Defendants' Supplemental Rule 26 Disclosures and Supplemental Responses to Plaintiffs' Written Discovery (Supplemental Disclosures) (d/e 50-1), which names Bryan C. Bross, P.E., R.G., as an expert witness who will testify at trial. Defendants state that they are only seeking to introduce Bross as an expert if Plaintiffs present opinion testimony from Jeffrey McCracken, who is NSR's corporate

designee.

The parties in this case agreed that neither would hire a retained expert witness. <u>Amended Scheduling Order</u>, ¶ 2. As set out below, Plaintiffs will not be allowed to introduce McCracken as an expert witness, and Defendants likewise will be prohibited from introducing expert testimony. Accordingly, Plaintiffs' Motion is allowed, and the Court strikes Defendants' Supplemental Disclosures and bars Bross from testifying at trial.

Turning to Defendants' Motion, the Court notes that all parties agreed that there would be no expert witnesses in this case. This fact is confirmed by the following exchange that took place at McCracken's deposition:

> MR. GIBSON: I don't intend to offer Mr. McCracken as an expert.
>
> MR. WILSON: I didn't think so because we have a stipulation there are no experts.
>
> MR. GIBSON: Correct. And -- But certainly his observations in high water will be the subject of his testimony in part.
>
> MR. WILSON: I'm going to be -- This is -- As best I can make it, this will be a fact deposition and not an opinion deposition.

4

MR. GIBSON:    That's what I visualize.

MR. WILSON:    Good.

Defendants' Motion, Ex. A, Jeffrey Alan McCracken Deposition, March 16, 2010 (McCracken Dep.), 16:12-23.

Nonetheless, Defendants claim that portions of McCracken's deposition testimony constitute improper opinions. Defendants point out that McCracken is unqualified to render such opinions because he does not have the requisite "knowledge, skill, experience, training, or education," as required by the Federal Rules of Evidence. See Fed. R. Evid. 702. In particular, Defendants object to McCracken's opinion about circumstances that cause the flow of flood water to cause varying degrees of damage to railroad tracks and embankments. See McCracken Dep., 41:14-42:24. Insofar as McCracken's testimony goes to the benefit Sny Island provides to Plaintiffs' lands, Plaintiffs note that they have "consistently objected to Defendants' discovery requests that seek information relating to 'benefit' on the grounds that such information is irrelevant." KCSR's Response, p. 1-2.

Therefore, Defendants' Motion is granted in part. The Court will allow McCracken to provide testimony at trial on matters that are within his personal knowledge and observations. See Fed. R. Evid. 701. Further,

5

McCracken may testify as to business records and on matters constituting corporate admissions. However, the Court bars McCracken from rendering expert opinions on: (1) why some flood water causes damage to railroad track and embankments based upon the flow of the water over the track; (2) the possible damage to railroad track or other improvements in the absence of levees; and/or (3) the cause or nature of flooding and flood damage to Plaintiffs' tracks and improvements within Sny Island's confines if Sny Island did not exist. As discussed above, Defendants' alternative request to designate an expert witness is denied.

II.     DVD MOTION

Defendants ask the Court to prevent Plaintiffs from introducing into evidence at trial a DVD called "In Katrina's Wake." Defendants argue that: (1) the DVD constitutes inadmissible hearsay; and (2) it is irrelevant. Defendants also complain that the videographer is unidentified, and that Plaintiffs have not provided Defendants with the original video footage for inspection and duplication.

As a general rule, hearsay evidence is inadmissible. Fed. R. Evid. 802. Hearsay is an out-of-court statement offered for the truth of the matter asserted. A perusal of "In Katrina's Wake" reveals that the DVD was

6

produced by NSR's Corporate Communications Department and Corporate Media Center. The DVD explains NSR's preparation for and response to Hurricane Katrina in the Gulf region. The Court agrees with Defendants that, should Plaintiffs wish to introduce the DVD at trial, Plaintiffs will need to call a witness who can lay proper foundation for the DVD.

Defendants also argue that Plaintiff NSR's response to Hurricane Katrina is irrelevant to the issues presented in this case. Plaintiffs have not explained how this DVD will be used at trial, or for what purpose they will offer the DVD. The relevance standard articulated in Rule 401 of the Federal Rules of Evidence is broad, and the Court surmises that "In Katrina's Wake" may be relevant as a demonstrative exhibit, to show how a "worst-case scenario" would impact NSR's property and operations in the Sny Island area.

Accordingly, the DVD Motion is denied at this time. Should Plaintiffs decide to offer "In Katrina's Wake" as evidence at trial, they must, as an initial matter, address the purpose for which they are offering the DVD and be prepared to lay the foundation for its use.

## CONCLUSION

THEREFORE, Plaintiffs' Motion to Strike Defendants' Supplemental

Rule 26 Disclosure and Expert Testimony at Trial (d/e 50) is GRANTED. The Court hereby strikes Defendants' Supplemental Rule 26 Disclosures and Supplemental Responses to Plaintiffs' Written Discovery and bars Bryan C. Bross, P.E., R.G., from testifying as an expert at trial. Defendants' Motion in Limine to Exclude Plaintiffs' Undisclosed "Expert" Testimony and Alternative Motion for Leave to Designate Rebuttal Expert (d/e 51) is GRANTED in part. The Court will not allow Jeffrey McCracken to testify as an expert witness, but will allow him to present lay opinion testimony based on his personal knowledge, observations, and on information that qualifies as business records or corporate admissions. Defendants' alternative request to designate a rebuttal expert is DENIED. Defendants' Motion In Limine to Exclude Plaintiffs' Undisclosed and Irrelevant DVD, Titled By Plaintiffs "In Katrina's Wake" (d/e 54) is DENIED at this time. Prior to introducing the DVD at trial, Plaintiffs must address how and for what purpose they intend to use the DVD.

IT IS THEREFORE SO ORDERED.

ENTER:   March 31, 2010
         FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE