IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KANSAS CITY SOUTHERN RAILWAY COMPANY and NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>      Plaintiffs,<br><br>  v.<br><br>BRADY LEE BORROWMAN, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.  09-3094<br>)<br>)<br>)<br>)<br>) |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiffs' Motion to Reconsider Order and Judgment of May 6, 2010 (Motion to Reconsider) (d/e 77), Memorandum in Support of Plaintiffs' Motion to Reconsider Order and Judgment of May 6, 2010 (d/e 78), Plaintiffs' Motion to Amend Judgment (Motion to Amend Judgment) (d/e 79), Plaintiffs' Post Judgment Motion to Amend Their Complaint to Include Issues Tried by Consent (Motion to Amend Complaint) (d/e 83), Memorandum of Law in Support of Plaintiffs' Post-Judgment Motion to Amend Their Complaint to Include Issues Tried

by Consent (d/e 84), Motion for Leave to File Reply to Defendants' Opposition to Motions for Reconsideration, to Amend Judgment, and to Amend Complaint (Reply Motion) (d/e 87, p. 1-4), and Plaintiffs' Reply to Defendants' Opposition to Motions for Reconsideration and to Amend Judgment and to Amend Complaint (Reply )(d/e 87, p. 5-11).  Defendants have filed Defendants' Opposition to Motion for Reconsideration, Motion to Amend Judgment and Motion to Amend Complaint (Response) (d/e 85), and Defendants' Opposition to Plaintiffs' Motion for Stay Pending Appeal (d/e 86).

These matters are fully briefed and ripe for adjudication.  For the following reason, the Motion to Reconsider, Motion to Amend Judgment, and Motion to Amend Complaint are denied, and the Reply Motion is granted.

## FACTS

On April 9, 2009, Plaintiffs filed this suit under the Railroad Revitalization and Regulatory Reform Act of 1976 (4-R Act), 49 U.S.C. § 11501, seeking to enjoin Defendants from imposing an allegedly discriminatory maintenance assessment for tax year 2009 on Plaintiffs' properties within the Sny Island Levee Drainage District (Sny Island),

located in Central Illinois. Complaint (d/e 1). Plaintiffs subsequently amended their Complaint. Amended Complaint (d/e 18). After a bench trial on April 6, 2010, the Court issued an Opinion on May 6, 2010, finding in favor of Defendants on all issues presented in the Amended Complaint. Opinion of May 6, 2010 (d/e 75). The Court entered judgment in favor of Defendants, and ordered that the monies held in the Court's registry be disbursed to Defendants within fourteen days. Judgment in a Civil Case (d/e 76).

Plaintiffs then filed the Motions currently before the Court, in addition to their Emergency Motion to Stay Disbursement of Funds from Court Registry (Emergency Motion) (d/e 81), which the Court granted in part on May 13, 2010. Text Order of May 13, 2010. Plaintiffs now ask the Court to reverse its findings and enter judgment in their favor.

## ANALYSIS

As an initial matter, the Court allows Plaintiffs' Reply Motion, and deems the Reply properly filed.

I.   MOTIONS TO RECONSIDER & AMEND JUDGMENT

A motion for reconsideration based on alleged errors of law is properly analyzed as a motion to alter or amend judgment under Federal Rule of

3

Civil Procedure 59.  <u>Obriecht v. Raemisch</u>, 517 F.3d 489, 493-94 (7th Cir. 2008); <u>see</u> <u>Oto v. Metropolitan Life Ins. Co.</u>, 224 F.3d 601, 606 (7th Cir. 2000).  Under Rule 59, a federal district court can amend or alter a judgment only if the moving party "can demonstrate a manifest error of law or present newly discovered evidence."  <u>Obriecht</u>, 517 F.3d at 494; <u>Sigsworth v. City of Aurora</u>, 487 F.3d 506, 511-12 (7th Cir. 2007); <u>Rothwell Cotton Co. v. Rosenthal & Co.</u>, 827 F.2d 246, 251 (7th Cir. 1987).  A manifest error of law is the "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  <u>Oto</u>, 224 F.3d at 606 (quoting <u>Sedrak v. Callahan</u>, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)).

Plaintiffs' first argument does not meet the standard for reconsideration under Rule 59.  Plaintiffs state that the Court's Opinion of May 6, 2010, is inconsistent with its Opinion of August 18, 2009 (d/e 27). In the Opinion of August 18, 2009, the Court wrote that "Plaintiffs have alleged a violation of subsection (4), which is not confined to property taxes and they provided no evidence of true market value.  Such evidence is unnecessary to prove a violation of § 11501(b)(4), *but the Court cannot order a preliminary injunction under § 11501(c) without it.*"  <u>Opinion of August 18, 2009</u>, p. 16-17 (emphasis added).  The Court observed in its

4

Opinion of May 6, 2010, that "evidence of true market value and assessed value is required before the Court can issue an injunction under § 11501(c)," based on a "plain reading of the statutory language . . . ." Opinion of May 6, 2010, p. 12.

Even if Plaintiffs' argument somehow implicated a manifest error of law, it has no merit. In the Motion to Reconsider, Plaintiffs quote the Court's Opinion of August 18, 2009, conveniently omitting the language italicized above. Section 11501(c) states that "[r]elief may be granted under this subsection *only if* the ratio of the assessed value to true market value of rail transportation property exceeds by at least 5 percent the ratio of assessed value to true market value of other commercial and industrial property in the same assessment jurisdiction." 49 U.S.C. § 11501(c) (emphasis added). The Court's Opinions are consistent with one another and with this statutory language.

Nor is the Court's Opinion of May 6, 2010, inconsistent with its Opinion of September 29, 2009, where the Court noted that it "*may* grant prospective injunctive relief under § 11501(c)" should Plaintiffs prove a violation of § 11501(b)(4). Opinion of September 29, 2009 (d/e 39), p. 8 (emphasis added). Plaintiffs seem to believe that merely demonstrating a

violation of § 11501(b)(4) is sufficient to obtain an injunction, but this is not the case under the 4-R Act. Plaintiffs were still required to make the specified assessment-ratio showing under § 11501(c). Had they done so, the Court would have had the power to enjoin the maintenance assessments at issue. Plaintiffs did not make this showing, and therefore the Court did not enjoin Defendants from imposing the 2009 maintenance assessments.

Finally, Plaintiffs cite a variety of cases where other courts have enjoined practices that violate § 11501(b)(4) without evidence of the assessment-value ratio called for by § 11501(c). See, e.g., Burlington Northern R. Co. v. City of Superior, 932 F.2d 1185 (7th Cir. 1991); Union Pacific R. Co. v. Minnesota Dept. of Revenue, 507 F.3d 693 (8th Cir. 2007); Kansas City Southern Ry. Co. v. McNamara, 817 F.2d 368 (5th Cir. 1987); Richmond, Fredericksburg & Potomac R. Co. v. Dept. of Taxation, Com. of Va., 762 F.2d 375 (4th Cir. 1985); National R.R. Passenger Corp. v. State Bd. of Equalization, 652 F.Supp. 923 (N.D. Cal. 1986); Alabama Great Southern R. Co. v. Eagerton, 541 F.Supp. 1084 (M.D. Ala. 1982). Defendants correctly recognize that, with the exception of Superior, none of the cases cited above is precedential, and thus none is controlling here. See Howard v. Wal-Mart Stores, Inc., 160 F.3d 358 (7th Cir. 1998) ("[A]

6

district court's decision does not have precedential authority . . . ."); United States v. Glaser, 14 F.3d 1213, 1216 (7th Cir. 1994) ("Opinions 'bind' only within a vertical hierarchy."). Plaintiffs are correct that the Court may consider cases from other districts and circuits, but the cases they cite in their Reply do not stand for the proposition that such cases constitute binding precedent. See Sosebee v. Astrue, 494 F.3d 583, 590 (7th Cir. 2007); Memorylink Corp. v. Motorola, Inc., 2009 WL 3366974, at *3 (N.D. Ill. Oct. 15, 2009).

In Superior, the U.S. Court of Appeals for the Seventh Circuit held that a "tax is 'discriminatory' within the meaning of [§ 11501(b)(4)] if it imposes a proportionately heavier tax on railroading than on other activities . . . ." Superior, 932 F.2d at 1187. The Seventh Circuit reversed the district court's judgment in favor of the taxing authority because the tax at issue was imposed on an activity in which only railroads participated. Id. The Seventh Circuit did not discuss § 11501(c)'s assessment-ratio requirement, perhaps because, as Defendants suggest, "100% of that tax was discriminatory . . . ." Response, p. 2.

The Court recognizes that the language of § 11501(c) is difficult to square with the anti-discrimination provision contained in § 11501(b)(4).

Nonetheless, as the Court observed in its Opinion of May 6, 2010, the Court is not at liberty to disregard clear statutory language. Opinion of May 6, 2010, p. 12. Section 11501(c) permits prospective injunctive relief "only if" the complaining party makes the requisite assessment-ratio showing. 49 U.S.C. § 11501(c). The Court will not depart from this plain reading of the statute, and therefore must deny the Motion to Reconsider and Motion to Amend Judgment.

II.   MOTION TO AMEND COMPLAINT

Plaintiffs bring their Motion to Amend Complaint under Federal Rule of Civil Procedure 15(b)(2), asking the Court to allow them leave to amend their Amended Complaint to "include the assessments for 2010 and all subsequent years where the assessment is made on the same basis as the assessment for 2008 so Plaintiffs may deposit into the registry of the Court the taxes assessed for 2010 and subsequent years . . . ." Memorandum of Law in Support of Motion to Amend Complaint, p. 2. Defendants oppose the Motion to Amend Complaint, arguing that subsequent assessment years were not tried by consent as Plaintiffs state, and that none of the evidence in this case involved a tax year other than 2009.

A party seeking to amend its complaint after trial to include a claim

8

not raised in the original pleading must demonstrate that the claim was tried with the opposing party's express or implied consent. Fed. R. Civ. P. 15(b)(2); see Pals v. Schepel Buick & GMC Truck, Inc., 220 F.3d 495, 501 (7th Cir. 2000); Matter of Prescott, 805 F.2d 719, 725 (7th Cir. 1986). "To have any kind of consent, there must be knowledge." City Messenger of Hollywood, Inc. v. City Bonded Messenger Service, Inc., 254 F.2d 531, 537 (7th Cir. 1958). To determine whether a party has consented to trying issues not raised in the complaint, the court looks to "'whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known sooner the substance of the amendment.'" Prescott, 805 F.2d at 725 (quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).

   Plaintiffs argue that "the parties clearly contemplated that the Court's ruling in this lawsuit would bind the parties with respect to taxes assessed for 2010 and any subsequent year in which the taxes were assessed on the same basis as 2009." Memorandum of Law in Support of Motion to Amend Complaint, p. 1. Defendants counter that no evidence was introduced beyond evidence relating to the 2009 assessment. They also point out that when taxes are levied on an annual basis, "[e]ach year is the origin of a new

9

liability and of a separate cause of action." C.I.T. v. Sunnen, 333 U.S. 591, 598 (1948); see Turn Verein Lincoln v. Paschen, 170 N.E.2d 111, 112 (Ill. 1960) (quoting People ex rel. Lloyd v. University of Illinois, 192 N.E. 243, 245 (Ill. 1934)) ("'[A] cause of action for taxes for one year is not the same as or identical with a cause of action for taxes for subsequent years' . . . .").

Plaintiffs have failed to demonstrate that Defendants consented, expressly or impliedly, to trying claims for tax years other than 2009. All of the evidence presented to the Court involves Defendant Sny Island's maintenance assessment for 2009. Defendants were not afforded a fair opportunity to counter Plaintiffs' allegations regarding the maintenance assessments for tax years 2010 and beyond. As Defendants indicate, Sny Island levied the 2010 maintenance assessments in November 2009; Plaintiffs had plenty of time to amend their Amended Complaint to include a claim regarding the 2010 assessments, but did not do so. Under these circumstances, allowing Plaintiffs to amend their Amended Complaint to include such claims would be improper under Rule 15.

Plaintiffs argue that res judicata or collateral estoppel may prevent them from challenging the maintenance assessments for future years. Defendants correctly point out that this issue is not properly before the

Court.  If Plaintiffs file another case in a subsequent year challenging the maintenance assessments, that court, not this Court, will decide this lawsuit's collateral effect.

Therefore, the Motion to Amend Complaint is denied, and their request to pay into the Court's registry the 2010 maintenance assessments is likewise denied.

III.    MOTION TO STAY

The Court has already stayed enforcement of the judgment in this case pending disposition of the Motions to Reconsider and Amend Judgment. Text Order of May 13, 2010.  Plaintiffs have indicated that they will appeal to the Seventh Circuit if the Court denies their Motions, and stated that they would preemptively file notices of appeal pursuant to Federal Rule of Appellate Procedure 4(B)(I).  Emergency Motion, ¶ 6.  However, Plaintiffs have not filed notices of appeal at this time.  Therefore, consideration of their request for a stay pending appeal is premature at this time.  If and when Plaintiffs file their notices of appeal, the Court will take up the request presented in Plaintiffs' Emergency Motion that the Court stay disbursement of the funds in the Court's registry pending appeal.

Given Plaintiffs' statement that they will appeal an adverse ruling on

these Motions, the Court will allow the stay of judgment entered on May 13, 2010, to continue for an additional fourteen days after this Opinion is entered. This will give Plaintiffs an opportunity to file notices of appeal, should they desire to do so.

THEREFORE, Plaintiffs' Motion to Reconsider Order and Judgment of May 6, 2010 (d/e 77), Plaintiffs' Motion to Amend Judgment (d/e 79), and Plaintiffs' Post Judgment Motion to Amend Their Complaint to Include Issues Tried by Consent (d/e 83) are DENIED. The Motion for Leave to File Reply to Defendants' Opposition to Motions for Reconsideration, to Amend Judgment, and to Amend Complaint (d/e 87, p. 1-4) is ALLOWED. The stay on disbursement of the monies held in the Court's registry entered on May 13, 2010, shall continue in full force and effect for an additional fourteen days from the date this Opinion is entered.

IT IS THEREFORE SO ORDERED.

ENTER:   May 28, 2010

      FOR THE COURT:

                                                  s/ Jeanne E. Scott
                                                JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE