# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KANSAS CITY SOUTHERN RAILWAY COMPANY and NORFOLK SOUTHERN RAILWAY COMPANY | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-3094 No. 10-3127 |
| RUSSELL E. KOELLER, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on the Defendants' Motion to Consolidate and for Entry of Judgment ("Motion"). See d/e 25. On June 21, 2012, this Court held a hearing on the Motion. See Minute Entry of June 21, 2012. At the hearing, with the agreement of the parties, this Court consolidated cases 09-3094 and 10-3127 pursuant to Federal Rule of Civil Procedure 42(a). For the reasons discussed below, the Motion is GRANTED.

## I. BACKGROUND

Plaintiffs Kansas City Southern Railway Company and Norfolk Southern Railway Company own property in the Sny Island Levee Drainage District

1

("District"). The District functions pursuant to the Illinois Drainage Code. See 70 ILCS 605/1-1 et seq. The District operates a surface water control system, the maintenance and upkeep of which is funded through assessments levied on properties within the District. Historically, the District levied assessments on all properties on a per-acre basis but, beginning in 2009, the District began assessing railroads, pipelines, and utilities ("RPU") based on the estimated benefits RPU properties received from the surface water control system. With the exception of six commercial and industrial properties that were not assessed, all other properties continued to be assessed on a per-acre basis, plus an additional $10-per-acre fee. The RPU "benefits-based" assessment scheme resulted in massive fee increases for Plaintiff railroad carriers.

In response to the increased 2009 assessments, Plaintiffs brought suit against Defendants (case no. 09-3094) in this Court alleging the assessments were discriminatory under the anti-tax discrimination provisions of the Railroad Revitalization and Regulatory Reform Act ("4-R Act"). See 49 U.S.C. § 11501. Plaintiffs deposited the disputed 2009 assessment payments in the Registry of the Court.

Plaintiffs filed an identical cause of action (case no. 10-3127) in response to the 2010 "benefits-based" assessments levied by the District against Plaintiffs. Plaintiffs deposited the 2010 and 2011 assessments in the Registry of the Court.

U.S. District Judge Jeanne E. Scott ruled in favor of the District in case no. 09-3094. See Kansas City S. Ry. v. Borrowman, No. 09-3094, 2010 U.S. Dist. LEXIS 44701, at *15 (C.D. Ill. May 6, 2010). Specifically, Judge Scott held that Plaintiffs had failed to establish that "the ratio of the assessed value to true market value of rail transportation exceed[ed] by at least 5 percent the ratio of assessed value to true market value of other commercial and industrial property in the same assessment jurisdiction." See Kansas City S. Ry., 2010 U.S. Dist. LEXIS 44701, at *11–12, 15 (quoting 49 U.S.C. § 11501(c)). Plaintiffs had not submitted any "evidence relating to the true market value of lands within the District." Kansas City S. Ry., 2010 U.S. Dist. LEXIS 44701, at *14. Because Plaintiffs had failed to meet their burden of demonstrating discriminatory impact, they had failed to prove a violation of the 4-R Act. See id. at *13. Judge Scott declined to enjoin the assessment as discriminatory. See id. at *15.

Plaintiffs appealed, and the parties filed a Joint Motion to Stay the Proceedings in case no. 10-3127 until final judgment has been rendered in case no. 09-3094. See d/e 20. This Court granted the Motion. See Text Order June 30, 2010.

The Seventh Circuit subsequently reversed Judge Scott's judgment in case no. 09-3094, holding that 49 U.S.C. § 11501(c) need not be satisfied for the award of injunctive relief pursuant to § 11501(b)(4). Kansas City S. Ry. v. Koeller, 653

F.3d 496, 512 (7th Cir. 2011). That is, Plaintiffs need not establish that "the ratio of the assessed value to true market of rail transportation exceed[s] by at least 5 percent the ratio of assessed value to true market value of other commercial and industrial property in the same assessment jurisdiction" to receive injunctive relief under § 11501(b)(4). Id. at 512 (quoting 49 U.S.C. § 11501(c)). The Seventh Circuit then found the 2009 assessments discriminatory and remanded to this Court with instructions to enjoin the 2009 assessments. See Kansas City S. Ry., 653 F.3d at 512–13.

The parties filed a Joint Status Report, Consent to Release of Funds, and Joint Motion for Stay of Proceedings with this Court, noting the parties had agreed to mediation and requesting the Court remit to Plaintiffs the 2009 assessments held in the Registry of the Court. See d/e 106. This Court granted the Motion, remitting the 2009 assessments to Plaintiffs. See d/e 108. The parties attempted mediation without success.

On October 17, 2011, Defendants filed the Motion to Consolidate and for Entry of Judgment. See d/e 25.

## II. ANALYSIS

In an opinion reversing Judge Scott's judgment in case no. 09-3094, the Seventh Circuit Court of Appeals concluded that the District's 2009 assessment

4

discriminated against Plaintiff railroad carriers in violation of 49 U.S.C. § 11501(b)(4). See Kansas City S. Ry., 653 F.3d at 511.

The Seventh Circuit compared the District's assessments made against Plaintiff railroad carriers to those the District made against pipelines, utilities, and commercial and industrial properties within the District. Id. at 509. Those properties, then, constituted "the class of taxpayers with whom the railroads are to be compared" in determining discrimination. Id. at 508 (quoting Union Pac. R.R. v. Minn. Dep't of Rev., 507 F.3d 693, 695 (8th Cir. 2007)).

The Seventh Circuit held the 2009 assessments were discriminatory because, without reason or justification, they "impose[d] a proportionately heavier tax" on Plaintiff railroad carriers than on the comparison class of taxpayers. Kansas City S. Ry., 653 F.3d at 510 (quoting Burlington N. R.R. v. City of Superior, 932 F.2d 1185, 1187 (7th Cir. 1991)). That is, the District "did not tax all industrial and commercial property equally." Kansas City S. Ry., 653 F.3d at 511. Specifically, the process used to assess the railroad carriers was "questionable at best," id., and "resulted in a greater assumed benefit (and thus corresponding cost) for the railroads" than for the comparison class of taxpayers. Id. at 511–12 (noting the "decreased maintenance costs" and "increased physical efficiency" valuations were calculated differently for the railroads than for other properties).

The Seventh Circuit further stated that the discrepancies in assessments between comparable properties "support[ed] the inference that the District had an 'intent to discriminate'" against Plaintiff railroad carriers. Id. at 511 (quoting Kansas City S. Ry., 2010 U.S. Dist. LEXIS 44701, at *14). "Intent matters in determining whether a justification for disparate treatment is sufficient or is nothing but a pretext." Kansas City S. Ry., 653 F.3d at 511. The Seventh Circuit concluded that the unjustified discrepancy in formulating assessments for comparable properties, then, constituted discrimination in violation of 49 U.S.C. § 11501(b)(4). Id. at 511–12.

The Seventh Circuit remanded to this Court with directions to "enjoin the 2009 assessment, while at the same time leaving the District free to go back to the drawing board and craft an assessment that is non-discriminatory . . . ." Id. at 513. The Seventh Circuit noted that "[i]f . . . the Drainage Code requires [the District] to assess all property on a 'benefit basis' then [the] entire scheme should reflect that" for all properties. See id. at 512. The Seventh Circuit further noted that Plaintiffs, on appeal, argued that the court should "enjoin the District from collecting an assessment in excess of the $10-per-acre increase plus the 2008 assessment." Id. at 513. The Seventh Circuit stated that such an injunction "is a step too far." Id.

Defendants' Motion to Consolidate and for Entry of Judgment requests that Defendants be permitted "to return to Pike County Circuit Court for further

proceedings in accordance with the decision of the Seventh Circuit Court of Appeals." Defs.' Mot. 4. Defendants assert that this is now a matter for state courts, as this Court may not levy or assess state taxes. See id. Plaintiffs' Response argues the only options available to the District in reassessing the 2009, 2010, and 2011 assessments, however, are (1) fully exempting Plaintiffs from the assessment or (2) requiring Plaintiffs to pay the 2008 fee plus $10 per acre, as these were the two methods applied to non-RPU commercial and industrial taxpayers. See d/e 26. Plaintiffs assert that this Court has authority to order the District to levy the assessments as such. See id. Moreover, Plaintiffs argue that the District is not permitted, according to the Illinois Drainage Code, to reopen past assessments levied on properties not owned by Plaintiffs. See id.

Yet the Seventh Circuit did not issue specific instructions concerning how past discriminatory assessments should be remedied. Indeed, it is uncertain, based on the Seventh Circuit's opinion, whether this Court may direct the District to reopen past assessments levied on properties not owned by Plaintiffs and, if so, how the District should proceed in reassessing those properties. Moreover, this Court is constrained from so ordering by the Illinois Drainage Code's decree that "[n]o appeal shall affect the validity of any order or judgment as to any tract of land or other property not directly involved in such appeal." 70 ILCS 605/12-16.

How this Court should remedy the discriminatory assessments made against Plaintiffs is unclear. While the Seventh Circuit rejected an injunction mandating the $10-per-acre increase plus the 2008 assessment, the Seventh Circuit did not specify the content of the injunction. See Kansas City S. Ry., 653 F.3d at 512–13.

Although the Seventh Circuit did not provide for a specific remedy, this Court notes that the Illinois Drainage Code allows for retrospective modifications of defective assessments. Specifically, the Drainage Code permits reassessment of assessments that have "been annulled," "held not legally made," or held "invalid." 70 ILCS 605/5-22. The Drainage Code also permits assessments of lands that, "by reason of omission, mistake, irregularity or improper or insufficient notice or for any other reason not affecting the merits of the assessment, . . . [have] been omitted from an assessment role[.]" Id. The District commissioners may therefore "petition the [Pike County Court] praying that the defects be cured and that an assessment be levied against such lands." Id. In so doing, the District commissioners may remedy the discriminatory assessments levied against Plaintiffs. Indeed, assessing Plaintiffs at the 2008 level plus $10 per acre may in fact remedy the discrimination, but again the Seventh Circuit has noted that such an injunction from this Court would be "a step too far." See Kansas City S. Ry, 653 F.3d at 513.

8

Moreover, this Court is mindful of the "need to protect each sovereign's governmental operations from undue interference by the other." Davis v. Mich. Dep't. of Treasury, 489 U.S. 803, 814 (1989). Imposing strict directions on the District in levying assessments draws perilously close to the imposition of state taxes by a federal body. See id. at 818 (noting that the "direct imposition of a state tax" is "a remedy beyond the power of a federal court"). Without further guidance from the Seventh Circuit, this Court cannot violate principles of intergovernmental tax immunity.

This Court must follow the Seventh Circuit's direction. The Seventh Circuit has resolved the federal question in this case, finding the disputed assessments discriminatory in violation of 49 U.S.C. § 11501(b)(4). Determining an appropriate remedy is now best-suited for resolution in state courts. See Moses Lake Homes, Inc. v. Grant Cnty., 365 U.S. 744, 752 (1961) (noting that federal courts may not levy or assess state taxes). That is, Illinois courts are in the "best position" to interpret the Illinois Drainage Code, as state courts have "special expertise" in analyzing state law. See Davis, 489 U.S. at 818. This Court must therefore follow the Seventh Circuit's mandate, enjoining the discriminatory assessments and "leaving the District free to go back to the drawing board and craft an assessment that is non-discriminatory, as [the Seventh Circuit has] explained that concept." Id.

## III. CONCLUSION

THEREFORE, the Sny Island Levee Drainage District's 2009, 2010, and 2011 assessments are hereby ENJOINED. The District is free to craft a non-discriminatory assessment pursuant to the Seventh Circuit's instructions, utilizing the same assessment formula for Plaintiff railroad carriers as for the comparison class of taxpayers, and justifying any disparate treatment.

FURTHERMORE, the Clerk of the Court is directed to remit to Plaintiff Kansas City Southern Railway Company and Plaintiff Norfolk Southern Railway Company the money paid by those entities to this Court in case no. 10-3127, as follows:

1. $171,088.26, plus any interest earned (less ten percent (10%) of interest earned owing to the Court), payable to Kansas City Southern Railway Company;
2. $187,834.68, plus any interest earned (less ten percent (10%) of interest earned owing to the Court), payable to Norfolk Southern Railway Company.

The checks shall be made payable to the respective railroads and shall be mailed to: Paul M. Brown, Thompson Coburn, LLP, One US Bank Plaza, St. Louis, MO 63101.

IT IS SO ORDERED.

ENTERED: June 29, 2012

FOR THE COURT:     <u>s/Sue E. Myerscough</u>
              SUE E. MYERSCOUGH
            UNITED STATES DISTRICT JUDGE